UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM F. TUTTLE | § | PLAINTIFF |
| | § | |
| V. | § | CAUSE NO. 1:10cv202-LG-RHW |
| | § | |
| CIGNA GROUP INSURANCE, | § | |
| CIGNA CORPORATION, and LIFE | § | |
| INSURANCE COMPANY OF NORTH | § | |
| AMERICA | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER
DENYING CIGNA CORPORATION'S MOTION TO DISMISS**

BEFORE THE COURT is Defendant CIGNA Corporation's [21] Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Dismiss for Failure to State a Claim. Plaintiff William F. Tuttle filed this action to recover long term disability benefits under ERISA. CIGNA Corporation argues (1) it does not have minimum contacts with the State of Mississippi, and (2) alternatively, CIGNA Corporation is an improper party as a matter of law. The Court has considered the parties' submissions[1] and the relevant legal authority. The motion is denied.

**FACTS AND PROCEDURAL HISTORY**

Tuttle filed this action in the Circuit Court of Jackson County, Mississippi. Defendants CIGNA Group Insurance ("CIGNA Group"), CIGNA Corporation, and Life Insurance Company of North America removed the lawsuit to this Court on the basis of federal question jurisdiction. The Complaint alleges that Tuttle was insured under

---

[1]Tuttle's Response was untimely. Nevertheless, the Court considered it.

an ERISA plan that provided long term disability insurance "issued by Life Insurance Company of North America, CIGNA Group Insurance and/or CIGNA Corporation." (Compl. at 1 (¶I)). Allegedly, CIGNA Corporation issued the policy, improperly processed the claim, and improperly denied benefits to him.

## DISCUSSION

CIGNA Corporation moves under Rule 12(b)(2) and (6) respectively, and argues that there is neither personal jurisdiction over it nor is there a claim stated against it as a matter of law.

PERSONAL JURISDICTION

CIGNA Corporation first argues there is no personal jurisdiction, asserting that CIGNA Corporation has no contacts with Mississippi, the state in which this Court sits. Tuttle responds that he has made a prima facie showing that CIGNA Corporation has sufficient Mississippi contacts.

When a federal court attempts to exercise personal jurisdiction over a defendant in an ERISA case, "the relevant inquiry is whether the defendant has had minimum contacts with the United States." *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822, 826 (5th Cir. 1996). The "relevant sovereign is the United States, and . . . the due process concerns of the *Fifth Amendment* are satisfied and traditional notions of fair play and substantial justice are not offended where a court exercises personal jurisdiction over a defendant residing in the United States." *Id.* at 825, *reh'g en banc denied*, 121 F.3d 706 (5th Cir. 1997); *Busch v. Buchman, Buchman & O'Brien*

2

*Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994).

*Bellaire General* is directly on point. That case involved a lawsuit challenging a denial of benefits under an ERISA plan. *Bellaire General*, 97 F.3d at 825. Two insureds assigned to Bellaire General Hospital their ERISA claims against Blue Cross, when it denied full coverage for their respective inpatient treatments. *Id.* at 824. The ERISA lawsuit was filed in the Southern District of Texas. *Id.* at 825. Blue Cross argued there was no personal jurisdiction because it "is a nonprofit corporation operating exclusively within the State of Michigan." *Id.* Because the lawsuit was a claim under the ERISA statute, which provided for nationwide service of process, the question was whether Blue Cross had sufficient contacts with the United States. *Id.* at 826. Because it did, personal jurisdiction was proper. *Id.*

Likewise, the Complaint in this case specifically invokes ERISA and challenges a denial of benefits under an ERISA plan. CIGNA Corporation removed the action to this Court on the basis of the ERISA claim. Like Blue Cross, CIGNA Corporation argues only that it is an out of state corporation. The only relevant question is whether CIGNA Corporation has sufficient contacts with the United States, an issue which CIGNA Corporation does not challenge. Moreover, CIGNA Corporation admits that it was formed in, operates in, and resides in the United States. Therefore, personal jurisdiction is proper.

F<span style="font-variant:small-caps">AILURE TO</span> S<span style="font-variant:small-caps">TATE A</span> C<span style="font-variant:small-caps">LAIM</span>

CIGNA Corporation next argues that the Complaint fails to state a claim

against CIGNA Corporation because it had nothing to do with the instant case. CIGNA Corporation argues, therefore, it cannot be held liable as a matter of law. Tuttle responds that CIGNA Corporation was involved in the insurance contract and in the denial of benefits.

To survive a Rule 12(b)(6) motion to dismiss, Tuttle must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). The Complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although CIGNA Corporation argues it was not involved in this case, the Complaint clearly alleges the opposite. CIGNA Corporation is alleged to have insured Tuttle and improperly administered and denied his claim. At this stage, the Court must accept these allegations as true. Of course, CIGNA Corporation will have every opportunity to challenge Plaintiff's claims at the summary judgment stage.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above Defendant CIGNA Corporation's [21] Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Dismiss for Failure to State a Claim should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 2nd day of February, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE