IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM F. TUTTLE | § | PLAINTIFF |
| | § | |
| V. | § | CAUSE NO. 1:10cv202-LG-RHW |
| | § | |
| CIGNA GROUP INSURANCE, | § | |
| CIGNA CORPORATION, and LIFE | § | |
| INSURANCE COMPANY OF NORTH | § | |
| AMERICA | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING REVIEW
AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT are Plaintiff William F. Tuttle's [51] Objections to Order on Motion to Compel, [57] Motion for Summary Judgment, and Defendants CIGNA Group Insurance ("CIGNA Group"), CIGNA Corporation ("CIGNA"), and Life Insurance Company of North America's [55] Motion for Summary Judgment. He filed this action to recover long term disability benefits under ERISA. He argues (1) Magistrate Judge Walker erred in partially denying discovery on conflict of interest and (2) Defendants' denial of benefits was arbitrary and capricious. Defendants argue (3) the statute of limitations has run, (4) CIGNA and CIGNA Group are not proper parties, and (5) the denial of benefits was not arbitrary and capricious. The Court has considered the parties' submissions and the relevant legal authority. Defendants' motion is granted. The remainder is denied.

**FACTS AND PROCEDURAL HISTORY**

Tuttle was employed from 1991 through 2000 at Lockheed Martin Corporation

in Mississippi as a senior systems engineer. He was responsible for installing the computer systems aboard the military ships constructed by Lockheed Martin. He participated in its health plan, which included disability insurance. Life Insurance, a subsidiary of CIGNA, issued the insurance and administered the plan.

Tuttle first became disabled in September of 2000 when he developed what would later be diagnosed as osteomyelitis in his left hip. For this he was granted short term disability benefits, because he was unable to perform his occupation, which included climbing up and down ladders and stairs aboard ships. He subsequently suffered from concurrent health problems including cervical and lumbar radiculopathy, two heart attacks, and avascular necrosis in his left knee. Life Insurance eventually granted him long term disability benefits.

Under the policy, long term disability benefits based on an inability to perform one's own occupation were only good for a maximum of 180 days. According to the policy, in order to receive long term disability benefits after this date, Tuttle would have to be disabled *vis-a-vis* any occupation. Effective June 2004, Life Insurance terminated his benefits finding that, while he was still disabled in terms of his own occupation, he was no longer disabled in terms of any other occupation.

Tuttle appealed this decision, but Life Insurance affirmed the denial on February 22, 2005. He filed a second appeal on August 17. He was given more time to provide any further proof of disability. He did so and indicated he would be sending updated records from his cardiologist. On April 5, 2007, Defendants sent a letter that they never received the cardiologist records. He filed the instant lawsuit April 5, 2010.

## DISCUSSION

Both parties seek summary judgment. A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 325. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to the particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials; or

>   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Defendants first argue the statute of limitations has run. Tuttle responds that the limitations period was equitably tolled until April 5, 2007, based on Defendants' misrepresentations.

STATUTE OF LIMITATIONS

Defendants bear the burden of proof on this affirmative defense; therefore they "must establish 'beyond all peradventure all of the essential elements of the . . . defense'" in order to obtain summary judgment. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). An ERISA cause of action for wrongful denial of benefits "accrues when a request for benefits is denied." *Hogan v. Kraft Foods, Inc.*, 969 F.2d 142, 145 (5th Cir. 1992). The discovery rule applies. *Lawrence v. Jackson Mack Sales*, 837 F. Supp. 771, 781 (S.D. Miss. 1992) (Lee, J.). The parties may contract for a different limitations period, so long as it is reasonable. *Harris Methodist Fort Worth v. Sales Support Servs., Inc., Emp. Health Care Plan*, 426 F.3d 330, 337 (5th Cir. 20005). Some courts hold that a policy that sets an accrual date before the denial of a claim is unreasonable *per se*. *White v. Sun Life Assurance Co.*, 488 F.3d 240, 242 (4th Cir. 2007), *cert. denied* 128 S. Ct. 619 (U.S. 2007). *See also*, *Amos v. Hartford Life & Accident Ins. Co.*, 2009 U.S. Dist. LEXIS 53287 *5, No. CV-08-BE-2165-M, (N.D. Ala. June 24, 2009); *Island View Residential Treatment Ctr., Inc. v. Bluecross Blueshield of*

*Mass., Inc.*, 43 Employee Benefits Cas. 1108 at * 41 (D. Mass. 2007). The Eighth Circuit has applied the accrual date under federal common law even though the policy provided a different date. *Wilkins v. Hartford Life & Accident Ins. Co.*, 299 F.3d 945, 948-49 (8th Cir. 2002). Other courts examine the reasonableness of a contractual accrual date on a case by case basis. *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 455 (6th Cir. 2009); *Burke v. PricewaterhouseCoopers, LLP, Long Term Disability Plan*, 572 F.3d 76, 81 (2d Cir. 2009); *Abena v. Metro. Life Ins. Co.*, 544 F.3d 880, 884 (7th Cir. 2008). The Fifth Circuit has not yet determined which of these approaches (if any) is correct. *Baptist Mem'l Hosp.–Desoto, Inc. v. Crain Auto., Inc.*, 392 Fed. Appx. 289, 295 n.1 (5th Cir. Aug. 19, 2010). As explained below however, the Court need not make this decision in this case.

The policy provides, "No action at law or in equity may be brought to recover benefits under the Policy . . . more than 3 years after the time written proof of loss must be furnished." (Administrative R. at TUTT0073). Proof of loss is due:

> within 90 days after the date of loss for which a claim is made. If . . . not given in that time, . . . as soon as was reasonably possible. In any case, written proof of loss must be given not more than a year after the time it is otherwise required, except if proof is not given solely due to the lack of legal capacity.
>
> Within 30 days of a request, written proof of continued Disability and of regular attendance of a Physician must be given to the Insurance Company.

*Id.* at TUTT0072. Finally:

> If any time limit stated in the Policy for . . . bringing any action at law or in equity, is less than that permitted by the law of the state in which the

> Employee lives when the Policy is issued, then the time limit provided in the Policy is extended to agree with the minimum permitted by the law of that state.

*Id.* at TUTT073.  In other words, pursuant to the policy, Tuttle has the greater of (1) three years after proof of loss must be furnished or (3) the minimum permitted by Mississippi law.

Defendants argue proof of loss was required to be furnished on September 22, 2004, 90 days after Life Insurance effectively discontinued benefits.  Therefore, Defendants maintain Tuttle had until September 22, 2007, to file this action.  Defendants further assert that this is the same amount of time he had to file under the Mississippi catch-all limitations period.  However, even though benefits were discontinued effective June 24, 2004, the notice of discontinuance was not mailed to him until July 7.  Moreover, Defendants admit that the catch-all limitations period does not begin to run until "the cause of action accrue[s]."  Miss. Code Ann. § 15-1-49.  Defendants do not explain why the cause of action for a denial of benefits accrues 90 days after the initial denial, when Defendants provided two level of appeals and Tuttle was required to exhaust his administrative remedies.

The initial denial letter of July 7, 2004, informed Tuttle of the discontinuance of long term benefits and his right to appeal.  He timely submitted an administrative appeal on December 30.  On February 22, 2005, this appeal was denied.  Again, he was informed of his right to appeal:

> You must request a review of this decision by writing to the Life Insurance Company of North America representative signing this letter at the address notice on the letterhead.  The written request for review

> must be *sent within 180 days of the receipt of this letter*.  In addition to any written comments, your request for review must include new documentation *you wish us to consider*.
>
> This documentation includes, but is not limited to
>
> - Medical records and test results from your treating physicians dating from 6/25/04 forward
> - Specific limitations and restrictions to your abilities that may have been placed by any of your physicians since 6/25/04.
>
> Under normal circumstances, you will be notified of a decision on your appeal within 45 days of the date your request for review is received.  If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter.  A final decision will be made no later than 90 days.
>
> Please note that you have a right to bring legal action regarding your claim under the ERISA section 502(a).

(Administrative R. at TUTT00169-70) (emphasis added).

Tuttle timely requested a second appeal on August 17, 2005, twelve days before Hurricane Katrina.  Two days later, Life Insurance responded that in order to appeal "new additional medical documentation . . . must be presented. . . .  Once this information is received, we will be able to accept your request for a voluntary appeal."  *Id.* at TUTT00460.  This is contrary to the first two letters regarding appeal which stated only that he must submit whatever new documentation that he wanted to be considered.

Nevertheless, Tuttle submitted new information on October 6, 2006.  His New Orleans counsel explained that his office was flooded during Katrina and reestablishing his home and office had been difficult.  He attached additional medical

7

evidence and noted, "We intend to submit additional evidence. . . . Accordingly, we ask that his record be held open for those submissions prior to your rendering a decision on his appeal." *Id.* at TUTT00155.  On October 31, Senior Appeal Specialist Karol Johnson referred to the February, 2005 letter and notified his counsel that without new medical documentation:

> we cannot consider another review of your client's claim at this time.  As stated in your letter you intend to submit additional evidence in support of Mr. Tuttle's claim.  Please ensure that this information is received in this office within 60 days of the date of this letter, along with your letter advising us that all information has been submitted.  Mr. Tuttle's claim will then be assigned to an Appeal Claim Manager to proceed with the Voluntary Appeal Review.

*Id.* at TUTT00153.  Thus, Tuttle was granted an extension.  The new medical information and advisement that it was complete had to be received by December 30, for the second appeal.  This date fell on a Saturday, so viewed in the light most favorable to him, he had until Tuesday, January 2, 2007, the next business day.  On Friday, December 29, 2006, he mailed, *via* overnight Federal Express, additional medical evidence.  He advised that additional records from his heart doctor had been ordered and would be mailed soon.  Thus all of Tuttle's new medical evidence, minus the cardiologist's materials, was timely received.

Nevertheless, Johnson waited until April 5, 2007, to respond to Tuttle's "letter dated December 29." *Id.* at TUTT00052.

> As stated in our letter of October 31, 2006 we extended the time to submit additional evidence. . . . Without the above suggested documentation covering the stated period, we cannot consider another review of your client's claim at this time.  As stated in your letter, you did intend to submit additional medical records from Manoj Shah, MD., but as of the

> date of this letter, the information has not been received in our office.
>
> Please be advised that we have not received any additional medical information to change our previous decision to deny your client's claim for benefits as of June 25, 2004. Therefore, your client has exhausted any rights to further appeals to this office.

*Id.* The letter is ambiguous as to whether the appeal was considered. The Administrative Record indicates Defendants never considered the merits of the second appeal.

In any event, Tuttle had been informed that he had until January 2, 2007, to have all of his evidence at the appeals office. He was told that once that information was received, the decision would be issued within 45 days, unless prior written notices of extension of time were issued. It is true that he requested more time on December 29, but when this request was not responded to by February 21[1], 2007, or 45 days after the deadline for the second appeal, it was unreasonable to wait any longer for a response to his request for time. He had notice that a denial should have been forthcoming on this date, if the appeal was being considered. Nevertheless, he waited until September 29, 2008[2] to submit Dr. Shah's records and inquire as to the status of his appeal. Even if he should have waited until ninety days later, this date fell on April 2, 2007. Taking this later date, his lawsuit should have been filed no later than

---

[1] The forty-fifth day was actually Friday, February 16. If the decision would have been mailed on this date, Tuttle's counsel would not have received it until Wednesday, February 21, as Monday the 19th was President's Day.

[2] Tuttle's counsel maintained he did not receive the April 5, 2007, letter, even though it was mailed to his office. He inquired after the second appeal in 2008, and Life Insurance did not respond until May 15, 2009.

April 2, 2010.  This action, filed on April 5, was therefore untimely.

<u>EQUITABLE TOLLING</u>

The Court must now consider Tuttle's equitable tolling arguments.  In order to prove equitable estoppel, he must prove (1) a material misrepresentation, (2) reasonable and detrimental reliance, and (3) extraordinary circumstances.  *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444-45 (5th Cir. 2005).

Tuttle first argues he is entitled to equitable tolling based on Johnson's October 31, 2006 letter.  He argues that this letter misrepresented to him that "his second appeal, his 'voluntary appeal,' was being held open pending receipt of his additional medical records and pending receipt of his notification that he had supplied all records he had intended to submit." (Pl.'s Resp. at 12).  As has been previously shown, this is incorrect.  Johnson told him that he had sixty days to both submit new information and inform Defendants that he had no other information to submit.  In other words, he could have submitted the new information sooner and would then need to inform Defendants that he would not be submitting any more.

Tuttle next argues that he likewise relied on Johnson's April 5, 2007, representation that "the information was received and that Plaintiff's internal appeal rights were not exhausted until April 5, 2007." *Id.*  As stated above, Johnson's letter is ambiguous as to whether the second appeal was considered.  In the light most favorable to Tuttle, the letter is evidence of a misrepresentation.  He argues that Hurricane Katrina presented an extraordinary circumstance, because it devastated the region in which he, his counsel, and his physicians lived and worked.  Tuttle gives no

evidence that these circumstances affected him, his counsel, or his physicians past October of 2006. There is no evidence that the effects of the hurricane disadvantaged his ability to inquire after his appeal between January 2 and April 2, 2007, nor to evaluate the Administrative Record after the receipt of the April 5, 2007 letter. It is unclear how the hurricane presented an extraordinary circumstance in 2007.

Since the case is untimely, the Court need not consider Defendants' remaining arguments nor Tuttle's Motion for Summary Judgment or Objections to the Magistrate Judge's discovery ruling.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Plaintiff William F. Tuttle's [51] Objections to Order on Motion to Compel should be and is hereby **DENIED AS MOOT.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants CIGNA Group Insurance, CIGNA Corporation, and Life Insurance Company of America's [55] Motion for Summary Judgment should be and is hereby **GRANTED.** This case is **DISMISSED.** A separate judgement will be entered herewith in accordance with Federal Rule of Civil Procedure 58.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's [57] Motion for Summary Judgment should be and is hereby **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED** this the 18th day of July, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE